# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-11248
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                              Plaintiff–Appellee,

v.

RUDGEWELL CHAMUTINYA,

                              Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:15-CR-2-1

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rudgewell Chamutinya, a citizen of Zimbabwe, appeals his jury convictions for four counts of willfully failing or refusing to apply for documents necessary to depart from the United States in violation of 8 U.S.C. § 1253(a)(1)(B). Chamutinya claims that the evidence was insufficient to prove that he acted willfully with respect to any of his four convictions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11248

In reviewing a claim of insufficient evidence, we must "view the evidence in the light most favorable to the jury verdict and . . . affirm if a rational trier of fact could have found that the government proved all essential elements of the crime beyond a reasonable doubt." *United States v. Lankford*, 196 F.3d 563, 575 (5th Cir. 1999) (internal quotation marks and citation omitted). To be sufficient, the evidence is not required to exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt. *Id.* Moreover, the jury is free to choose among reasonable constructions of the evidence. *Id.* The jury is the final arbiter of the credibility of witnesses, "and, unless testimony is incredible as a matter of law, [this court] will not disturb the jury's findings." *Id.* at 575-76 (citations omitted).

A preserved challenge to the sufficiency of the evidence is reviewed de novo. *See United States v. Ferguson*, 211 F.3d 878, 882 (5th Cir. 2000). Although Chamutinya unsuccessfully moved for a judgment of acquittal after the Government rested its case, he failed to renew that motion at the close of all evidence. Accordingly, Chamutinya's sufficiency claim is reviewed for "a manifest miscarriage of justice, which is found if the record is devoid of evidence pointing to guilt." *United States v. Green*, 293 F.3d 886, 895 (5th Cir. 2002) (internal quotation marks and citation omitted).

The elements of failing to depart under § 1253(a)(1)(B) are: (i) the defendant was an alien at the time alleged in the indictment; (ii) there was a final order of removal outstanding against the defendant; and (iii) the defendant willfully failed or refused to make timely application in good faith for travel or other documents necessary for his departure. Chamutinya does not dispute that he was an alien subject to a final order of removal to Zimbabwe at the time of the four offenses alleged in the indictment. Rather, he argues

that there was insufficient evidence to show that he willfully refused to make an application for travel documents.

At trial, an immigration officer testified for the Government. The Government also introduced into evidence videotaped recordings of meetings between Chamutinya and various immigration officers, which showed attempts made by the officers to obtain Chamutinya's cooperation to facilitate his travel back to Zimbabwe. The Government's evidence established that, on the four offenses alleged in the indictment, Chamutinya refused to cooperate with immigration officers by refusing to sign documents required by the Zimbabwean embassy to facilitate his travel, even after having been advised that his refusal to cooperate violated U.S. law. Chamutinya briefly testified on his own behalf and implicitly averred that he did not understand the documents he was asked to sign, and only refused to sign them until such time that his attorney explained them to him.

Even if a lack of understanding were sufficient to negate Chamutinya's willfulness, given the countervailing evidence offered by the Government, the jury could have reasonably construed Chamutinya's testimony as not credible. *See Lankford*, 196 F.3d at 575. The jury's conclusion that Chamutinya's actions constituted willful refusals to apply "in good faith for travel or other documents necessary" for his departure, § 1253(a)(1)(B), was not a "manifest miscarriage of justice," *Green*, 293 F.3d at 895, and was a reasonable construction of the evidence, *see Lankford*, 196 F.3d at 575. We will not disturb the jury's findings on appeal.

AFFIRMED.